RAYNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

CAUSE OF INJURY—EVIDENCE—COMPETENCY.

In an action for injuries, medical testimony that plaintiff's condition might have been caused by the injury, or that the injury was sufficient to cause such condition, but that it might have been caused by other circumstances, was not competent evidence to go to the jury as showing the condition in question to be the result of the injury.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2356.]

Appeal from Trial Term, New York County.

Action by Phœbe M. Rayner against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.

Don R. Almy, for respondent.

INGRAHAM, J.   The plaintiff brought this action to recover for injuries caused to her by being thrown from one of the defendant's cars on the corner of Sixth avenue and Fifty-Ninth street by the car starting as she was about to alight.   The accident occurred on the 3d day of January, 1900.   The plaintiff at the time was employed in a store on Twenty-Third street.   She took one of the Sixth avenue cars, and when in the neighborhood of Fifty-Ninth street the conductor announced that the passengers were to change for the West Side.   That as she was in the act of leaving the car she was thrown to the ground, apparently striking her head, and causing a flesh wound, and carried to the Roosevelt Hospital, where her wound was dressed, when she was taken to her house, in Ninety-Fourth street, near Amsterdam avenue.   She remained in bed for two weeks, suffering pain in her head and back.   That subsequently, on the 5th of March, over two months after the accident, she gave birth to a child.   That she was in labor before her child was born about 41 hours.   And she claimed and was allowed to prove the pain and suffering experienced by her in giving birth to this child, as a result of the accident.   The physician who attended her at the time of her confinement testified to the condition in which he found the plaintiff at the time of her confinement; that after she had been 41 hours in labor he found that she was unequal to the delivery of the child without assistance, as she was then very much exhausted; that she did not have a normal degree of physical force for the expulsion of the child; that her heart was weak, and she was anæmic, and it was on account of this added inability that he was obliged to use forceps to deliver the child; that the internal condition of the womb was one of constitutional weakness, so that there was a weakened condition of the blood, and weakened condition of the muscles and nerve force; that the normal period of labor is 16 hours for the first labor, and 12 hours for the second;

that the length of labor was beyond the usual time, and was due to the weakened condition of the muscles and nerves of the womb and abdominal wall. The physician was then asked a hypothetical question, assuming the facts that then appeared as to the injury, and was asked whether he could tell as to what caused the condition that he found the plaintiff in at the time of the birth of the child. To that he answered, "I could tell a variety of causes." He was then asked to enumerate all the causes for such a condition. This question was objected to by the defendant, the objection overruled, and the defendant excepted, and the witness answered:

"A woman who is carrying a child is under a very great strain, if I may call it, to supply sufficient nourishment for that growing child within her, and will suffer more from any upset to the ordinary process of nutrition than one who is not pregnant."

He was asked to give the causes for the condition of the weakness in the muscles and nerves, to which he replied:

"Any shock, any injury which will—that injures her in any way; that causes severe pain, unconsciousness, confining her in bed, or produces a wound; lack of good nourishment; unhealthy surroundings; excessive labor—I mean daily labor of any kind; any incurrent disease; * * * any organic affection, such as heart disease; lack of ability of the heart to carry on its work; a weak heart; fevers; all such conditions and diseases. I think those cover all that need be mentioned."

Counsel for the plaintiff then asked the witness another hypothetical question, which assumed the various facts that had been testified to, to the plaintiff's condition and the birth of her child, and then continued, "And basing your opinion upon these facts, can you say with reasonable certainty what was the cause of this weakened condition of the abdominal walls which you found—of the muscles and nerves of the abdominal walls which you found in this case?" which was objected to upon the ground that the question was incompetent, and called for a conclusion which was too remote, particularly as the doctor had already testified that there were numerous causes for this condition which had not been eliminated in the question, and that it was not within the pleading. This objection seems to have been overruled, and, after some discussion, counsel for the plaintiff asked the witness: "Assuming those facts to be true, can you say with reasonable certainty, then, whether or not this wound in the head caused these particular injuries which I have referred to?" to which the witness answered, "Not with reasonable certainty; no, sir." Counsel for the plaintiff then asked this question: "Give us your opinion whether or not that did cause or was sufficient to cause this weakened condition of the nerves and muscles of the abdominal wall and the womb?" This question was objected to upon the same ground, and upon the further ground that, as the doctor said that he could not state with reasonable certainty, it was quite apparent that the doctor could not give an opinion; that the question was too speculative. This objection was overruled, and the defendant excepted, and the doctor replied, "It would cause it in some cases." There was then a long colloquy between the court and counsel, in which both seem to

have had a hand in framing a question to be asked the witness, and which resulted in another long hypothetical question being asked the witness, which assumed facts proved; and the witness was then asked, "Can you say with reasonable certainty what was the cause of the weakened condition of the muscles and nerves of the abdominal walls and of the womb?" To this question the defendant made the same objection as to the previous question, which was overruled, and the defendant excepted, when the witness answered, "Injuries and shock through which she had gone, and confinement in bed." He was then asked by the court, "What caused the shock?" To which he answered, "The cut on the head would do that," and was then asked, "Well, in your opinion, did it? How about that, doctor?" To which he replied, "The reason I can't answer is because there are other things to consider;" and, after some other questions, when the doctor was requested to think it over, he replied, "No; it is tied up so much I can't give an opinion on it."

I think that most of this evidence was entirely incompetent; that, after the doctor had testified that he could not state with reasonable certainty whether or not the wound on the head caused the particular condition which he had referred to, it was not competent to ask him whether, in his opinion, this accident was sufficient to cause this weakened condition of the nerves and muscles of the abdominal walls and of the womb. The physical condition of the plaintiff which caused this prolonged labor over two months after the accident could have resulted from many causes, and the physician could not testify with reasonable certainty as to which of the many was the real cause of the condition in which he found the plaintiff. Under such a condition, to allow a physician to testify that an accident could have caused such an injury, and then to allow a jury to award damages for a condition which could have been caused by an injury, is to allow the jury to base a verdict, not upon evidence, but upon their speculation upon what might have been. The burden of proof is on the plaintiff to establish by competent evidence that a condition for which compensation is demanded was caused by the injury for which a defendant is responsible. That such a condition might have been caused by the injury, or that the injury was sufficient to cause such a condition, is not competent evidence to show that the injury did cause the condition. It is a class of evidence that has always been condemned by the courts as speculative and uncertain—which would result in a verdict against a defendant based upon speculation or conjecture, and not upon evidence. The nature of the plaintiff's employment during the period of pregnancy was one of the causes specified by the doctor for this condition of abdominal weakness from which resulted this prolonged labor. There is nothing to show that during the period that the plaintiff was pregnant she was properly nourished, or that the other conditions under which she lived did not also tend to produce this condition of weakness that caused her prolonged labor; and it was quite incompetent to allow the jury to speculate upon this opinion of the physician that this accident was sufficient to have caused this condition of weakness, and to award the plaintiff dam-

ages for the pain and suffering that was caused thereby. When the case was submitted to the jury the court charged them that if they found that the "pains of childbirth were prolonged beyond what they would otherwise have been, through a weakened condition of the muscles and nerves of the womb and abdominal walls, and that this cut on the head was the immediate and necessary cause of the weakened condition I have just referred to," the jury could allow her compensation for the prolonged pains; thus allowing the jury, upon this incompetent evidence, to speculate upon the cause of the prolonged childbirth, but which was not proved by competent evidence. This disregard of established principles applicable to the trial of cases of this kind requires us to reverse this judgment.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.