.(48 Misc. Rep. 523)

## BOLAND v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 24, 1905.)

.1. EVIDENCE—EXPERT TESTIMONY — PERSONAL INJURIES — EVIDENCE — COMPE-
TENCY.

In an action for injuries, medical testimony that the accident had a
great bearing on plaintiff's nervous condition, that there were at the time
of the accident other conditions which would lead to nervousness, and that
nervousness could have come from the accident, was not competent evi-
dence to go to the jury as showing that the injuries caused the condition.

.2. TRIAL—INCOMPETENT EVIDENCE—MOTION TO STRIKE.

Where the questions asked a witness are not objectionable, but the
evidence elicited thereby is insufficient, the adverse party is not pre-
cluded from moving to strike out the evidence because he made no ob-
jection to the questions.

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Jennie Boland against the New York City Railway Com-
pany. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-
LEAN, JJ.

William E. Weaver, for appellant.
Edward A. Alexander, for respondent.

SCOTT, P. J. The plaintiff sues for damages resulting from an
accident which happened in September, 1904. The direct physical re-
·sults of the accident were comparatively slight, and the principal basis
alleged for substantial damages is that, as is said, the plaintiff suffered
·nervously, as a result of the accident, down to the very day of the trial.
It is obvious that in such a case the burden rests upon the plaintiff
to connect with a reasonable degree of certainty the alleged result
with the cause. To do this the plaintiff produced as a witness the
physician who attended her. He testified as to plaintiff's nervous con-
·dition at the trial, and that, so far as he could remember, she had been
in a normal condition before the accident. He then testified that the
accident had a "great bearing" upon her present nervous condition, that
it has "a great deal to do with it," that there were at the time of the acci-
dent "other conditions of affairs which would lead to nervousness,"
that the accident "had partially to do with" her nervous condition, that
her nervous condition "could come from the accident," and the like.
The total effect of the physician's testimony went no further than to
establish that the nervous condition might have been caused by the
injury. This was not competent evidence to show that the injury did
·cause the condition (Raynor v. Met. St. Ry. Co., 106 App. Div. 449,
94 N. Y. Supp. 632), and the defendant's motion that the evidence be
stricken out should have been granted.

This is not a case where the objecting party is not precluded be-
·cause he failed to object to the questions, because the questions them-
selves were not, as a rule, objectionable, although the evidence, when
elicited, proved to be insufficient, and should have been withdrawn from
consideration as not tending to prove the only fact as to which it could

in any sense be considered pertinent. We must assume that this evidence affected the judgment, for in no other way can we account for the damages, which are much larger than would ordinarily be given for such injuries as the plaintiff proved, outside of her continued state of nervousness.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.