### POOLE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

EVIDENCE—OPINION EVIDENCE—INDEFINITENESS.

Where, in a personal injury action, the physician attending plaintiff testified with considerable certainty as to the condition of her head, and stated that he was unable to say that the injury to the head was likely to be permanent, his statement that the fact that plaintiff four months after the injury had spells of dizziness, had a tendency to show that some portion of the injury would remain, was inadmissible, when not followed by testimony showing what part of the injury would remain.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Anna Poole against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

William E. Weaver, for appellant.
John J. Sullivan, for respondent.

DOWLING, J. This is one of the ordinary actions to recover for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. Upon the trial the physician, who attended the plaintiff and dressed the wounds received by her, testified with considerable certainty as to the condition of the plaintiff's head, but stated that he was unable to say that such injuries were "likely" to be permanent. The following question was then asked him:

"If the witness testified at this present time, which is four months past the time of receiving the injury that she still has spells, when her head is turned around she feels dizziness, is it your opinion as a physician that this is apt to be permanent?"

This was objected to, the objection was overruled, and the witness answered:

"The tendency would be that some portion of it would remain."

A motion to strike out this answer was denied. This was error. The answer viewed in the light of the physician's previous testimony was manifestly speculative and indefinite, and was not followed by any testimony showing or tending to show what portion of the trouble complained of as being in the plaintiff's head would remain, nor was it shown that he could state with reasonable certainty that any portion of it would be permanent. See Raynor v. Met. St. Ry. Co., 106 App. Div. 449, 94 N. Y. Supp. 632; Boland v. N. Y. City Ry. Co. (App. Term Nov. 1905) 96 N. Y. Supp. 262.

What effect the admission of such improper evidence may have had upon the jury it is impossible to determine, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.